UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRYL JOHNSON, | Civil No. 10-861 (ADM/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On August 3, 2007, a Minnesota state court jury found Petitioner guilty of second degree murder. (Petition, [Docket No. 1], p. 1, §§ 1, 2, 4 and 6.) He was sentenced to 216 months in prison, (id., § 3), and he is presently serving his sentence at the Minnesota

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed below, and addressing the fee issue would only delay the inevitable dismissal of this action.

Correctional Facility in Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that he had not been properly advised of his constitutional rights before he made incriminating statements to law enforcement officials. The Minnesota Court of Appeals rejected Petitioner's claims on the merits, and affirmed his conviction and sentence. State v. Johnson, No. A07-2219 (Minn.App. 2009), 2009 WL 113050 (unpublished opinion).

The Court of Appeals handed down its decision on January 20, 2009, and Petitioner had 30 days thereafter to seek further review in the Minnesota Supreme Court. Minn. R. Crim. P. 29.04, subd. 2. However, Petitioner elected not seek further review in the Minnesota Supreme Court. (Petition, p. 4, § 13.) Therefore, the Clerk of the Minnesota Appellate Courts entered a final judgment in Petitioner's case on March 17, 2009. (See Petition, p. 2, § 9(c).)

Petitioner filed his current habeas corpus petition in federal court on March 19, 2010. The petition lists two claims for relief, which Petitioner has summarized as follows:

"Ground one: Conviction violates the Fifth Amendment protection against self-incrimination;" and

"Ground two: Appellate courts [sic] decision affirming denial of motions to suppress violates Due Process."
(Petition, pp. 3A and 3B, § 12.)

However, both of the claims presented in the current habeas corpus petition have been procedurally defaulted, because they were not previously presented to the Minnesota Supreme Court. Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be summarily dismissed.

2

## II. DISCUSSION

It is well established that a federal court cannot entertain a petition for a writ of habeas corpus on behalf of a state prisoner, unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. Id. at 847. Thus, a Minnesota state prisoner must present his claims to the Minnesota Supreme Court before they can be entertained in a federal habeas corpus proceeding. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)").

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion

3

requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his state criminal proceeding; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the

4

crime(s) for which he was convicted.[2]

In this case, neither of Petitioner's current habeas corpus claims has been fairly presented to, and decided on the merits by, the Minnesota Supreme Court, because Petitioner did not file a timely petition for further review after his conviction was affirmed by the Minnesota Court of Appeals. Of course, it is now too late to present any claims for relief to the Minnesota Supreme Court on direct review. As noted above, the deadline for seeking further review in the State Supreme Court expired 30 days after Petitioner's case was decided by the Minnesota Court of Appeals. Minn. R. Crim. P. 29.04, subd. 2.[3]

---

[2] "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

[3] Petitioner could not attempt return to the state courts and seek further review of his claims by means of a state post-conviction proceeding brought under Minn.Stat. §§ 590.01 et seq., because post-conviction review is not available for claims that were known, but not raised, on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Petitioner obviously knew about all of his current claims while his case was being reviewed on direct appeal, so he cannot go back to the

5

Because Petitioner did not present his current habeas corpus claims to the Minnesota Supreme Court in a timely manner, those claims have been procedurally defaulted. O'Sullivan, 526 U.S. at 848.

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some <u>external impediment</u> prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).

Petitioner has not suggested any reason to excuse his procedural default, and the Court cannot discern any grounds that could possibly satisfy the Coleman "cause" requirement. Nothing in the records suggests that Petitioner's failure to seek further review of his claims in the Minnesota Supreme Court was the result of any "external impediment."[4]

---

state courts at this time, and attempt to cure his procedural default by seeking post-conviction relief.

[4] The Court notes that Petitioner could not rely on a claim of ineffective assistance of counsel to excuse his procedural default, because he has never presented an ineffective assistance of claim to the state courts. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489). See also Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crimes for which he was convicted. All of Petitioner's current claims for relief pertain to errors that allegedly occurred before or during his trial, which purportedly deprived him of a constitutionally copacetic adjudication of the charges against him. He has not cited any new and previously undiscoverable evidence, which would prove that he is, in fact, innocent of the crimes for which he was convicted. Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

Because Petitioner's procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence, the Court concludes that neither of Petitioner's current habeas corpus claims can be entertained here. The Court will therefore recommend that this case be summarily dismissed, with prejudice, because of Petitioner's

---

proceeding"); Wyldes v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert. denied, 517 U.S. 1172 (1996).

procedural default.[5]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

and

2. This action be DISMISSED WITH PREJUDICE.

Dated: April 5, 2010                                s/ *Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 19, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[5] Even if this case were not barred by the doctrine of procedural default, it still would have to be summarily dismissed, because it was not brought within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d)(1). The federal habeas statute of limitations began to run in this case when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction and sentence were upheld by the Minnesota Court of Appeals on January 20, 2009, and judgment was entered on March 17, 2009. (See Petition, p. 2, § 9(b).) Because Petitioner did not seek further review in the Minnesota Supreme Court, (even though that option was available to him), the judgment of conviction became final in his case, for federal statute of limitations purposes, when judgment was entered by the State Court of Appeals. Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008); Parmley v. Norris, 586 F.3d 1066, 1073 (8th Cir. 2009). Thus, the federal statute of limitations began to run in this case on March 17, 2009, and the one-year deadline for filing a federal habeas corpus petition expired on March 17, 2010. However, Petitioner did not file his current petition until March 19, 2010. Therefore, this action was commenced two days after the statute of limitations expired.