# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Darryl Johnson,

           Petitioner,

v.

State of Minnesota,

           Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 10-861 ADM/FLN

---

Shana G. Buchanan, Esq., Minneapolis, MN, on behalf of Petitioner.

Michael K. Walz, Esq., Hennepin County Attorney's Office, Minneapolis, MN, for Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Darryl Johnson's ("Johnson") Objections [Docket Nos. 7 and 17] to Magistrate Judge Franklin L. Noel's April 5, 2010 Report and Recommendation ("R&R") [Docket No. 3] and his Amended Motion for an Order Holding the Petition in Abeyance [Docket No. 10].  Judge Noel concluded that Johnson's procedural default could not be excused and therefore recommended that his Petition for Writ of Habeas Corpus [Docket No. 1] be denied.  R&R at 7-8.  The procedural and factual background described in the R&R are incorporated by reference.  For the reasons stated below, Johnson's Objections are overruled and the R&R is adopted.

## II. DISCUSSION

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn.

LR 72.2(b).

Judge Noel recommended that Johnson's current habeas corpus petition be denied because both claims presented in the petition are procedurally barred. R&R at 2. The claims could have been, but were not presented to the Minnesota Supreme Court for review within 30 days of the Minnesota Court of Appeal's affirmance on direct appeal of Johnson's conviction in which he alleged constitutional violations. Judge Noel also concluded if Johnson's claims had not been procedurally defaulted, the petition would remain time barred under 28 U.S.C. § 2244(d)(1)(A) because it was not filed within the one-year limitations period in which a state prisoner may petition a federal court for habeas relief. R&R at 8, n. 5.

After Judge Noel issued the R&R, Johnson filed Objections, then a "Motion for an Order Holding Petition in Abeyance" [Docket No. 6] followed by an "Amended Motion for an Order Holding Petition in Abeyance" [Docket No. 10] requesting that this case be stayed so that he may pursue a state court post-conviction proceeding. In <u>Rhines v. Weber</u>, the Supreme Court acknowledged the authority of a federal court, "in limited circumstances," to issue a stay of a state prisoner's habeas petition in order to allow the prisoner to exhaust his state court remedies. 544 U.S. 269, 277 (2005).

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. <u>See</u> 28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). The exhaustion of state remedies requirement is based on principles of comity and federalism. <u>See</u> <u>id</u>. at 844. Its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors that are raised by state prisoners. <u>See</u> <u>id</u>.

The specific constitutional claims Johnson raises in his habeas petition are now procedurally barred because he failed to pursue them before the Minnesota Supreme Court in a proper and timely manner. Furthermore, it appears that Johnson may not raise those claims by means of a state court post-conviction petition because they were clearly known to him at the time of his direct appeal. Cooper v. State, 745 N.W.2d 188, 190-91 (Minn. 2008) ("Once a [defendant] has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief.") (quoting State v. Knaffla, 309 Minn. 245, 243 N.W.2d 737, 741 (Minn. 1976)). As a result, any resort to the state courts would be futile, and, therefore, the exhaustion requirement is technically satisfied. See Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005); Ramos v. Fabian, Civ. No. 03-5145, 2003 WL 22999545, at *2 (D. Minn., Dec. 18, 2003) ("While a federal court typically will not hear unexhausted claims, a petitioner can satisfy the exhaustion requirement if his claims are procedurally barred under state law, because the exhaustion requirement refers only to state remedies still available when the federal petition is filed.").

Although Johnson has satisfied the requirement that he exhaust his state court remedies, that same procedural bar "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petition can demonstrate cause and prejudice for the default," or a fundamental miscarriage of justice. Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003) (citing Gray v. Netherland, 518 U.S. 152, 162 (citations omitted)). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional

violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Judge Noel concluded that Johnson has failed to show cause to excuse his procedural default and does not qualify for the fundamental miscarriage of justice exception because he has not offered any new evidence to affirmatively demonstrate that he is innocent of his criminal convictions. R&R at 6-7. In his Objections, Johnson appears to contend that his procedural default can be overcome by cause and prejudice and/or actual innocence. The only conceivable argument that could possibly satisfy the "cause" requirement is Johnson's contention that he could not afford an attorney to file a petition for review in the Minnesota Supreme Court.

In order to satisfy the "cause" requirement, however, Johnson must demonstrate an external impediment prevented him from presenting his claim in a timely and procedurally proper manner. See Bell v. Attorney Gen. of State of Iowa, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.") (citing Coleman v. Thompson, 501 U.S. 722, 753 (1991) "[C]ause under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable[.]'") (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Johnson's unsubstantiated claim that he could not afford an attorney to file a petition for review is not sufficient evidence of an *external* impediment that prevented him from presenting his claims to the Minnesota Supreme Court.

Furthermore, Johnson's argument, liberally construed, appears to be that denying the

4

habeas petition because of his inability to afford counsel violates his Sixth Amendment right to counsel. In an analogous Sixth Amendment context, claims of ineffective assistance of counsel can serve as "cause" to excuse a procedural default if the ineffective assistance of counsel claim was raised in the state courts as an independent claim. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'. . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489). See also Wyldes v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert. denied, 517 U.S. 1172 (1996). Because Johnson has not raised any independent Sixth Amendment right-to-counsel claim in the Minnesota state courts, he cannot rely on such a claim as "cause" to excuse his procedural default.

Johnson's remaining Objections iterate the same arguments that were already addressed by Judge Noel. The Court has conducted a de novo review of the files, records, and proceedings in view of those arguments and agrees with Judge Noel's conclusions.

Johnson's request for a stay appears to be based on a misunderstanding of Rhines. Rhines contemplates a stay in situations where there is an available remedy in the state court. See Rhines, 544 U.S. at 277. In this case, Johnson's claims have been procedurally defaulted, thus there is no longer any state court remedy available. Because Johnson cannot avail himself of a state court remedy, his request for a stay is futile.

Assuming Johnson could prove cause and prejudice and/or actual innocence, or even if

5

he went back to state court in a post-conviction petition, had his procedural default excused by the state court, but nonetheless lost on the merits and then returned to federal court, now having exhausted his state court remedies, this action would still would be time-barred by 28 U.S.C. § 2244(d)(1), and as a result, his motion for an abeyance would remain futile. Pursuant to § 2244(d)(1), the one-year limitations period "became final by the conclusion of direct review or the expiration of the time for seeking such review." Johnson's conviction and sentence were upheld by the Minnesota Court of Appeals on January 20, 2009. Johnson did not request review by the Minnesota Supreme Court, the state court of last resort, within the prescribed 30 days, and, therefore his conviction became final and the statute of limitations on Johnson's habeas petition began running on February 20, 2009. See Minn. R. App. P. 117, subd. 1; Parmley v. Norris, 586 F.3d 1066, 1073 (8th Cir. 2009); Riddle v. Kemna, 523 F.3d 850, 855-56 (8th Cir. 2008). The statute of limitations expired one year later, on February 20, 2010.[1] Because his

---

[1] The Clerk of the Minnesota Appellate Courts entered a final judgment in Johnson's case on March 17, 2009, and Judge Noel used that date to conclude that Johnson's petition was time-barred. Judge Noel's use of that date rather than February 20, 2009 to calculate when the statute of limitations expired is harmless error because Johnson's petition was filed after March 17, 2010. In response to Judge Noel's R&R, on June 8, 2010, Johnson's counsel submitted a declaration stating that she placed Johnson's petition in the mail on March 17, 2010. By this, counsel is attempting to benefit from the prisoner "mailbox rule" which permits "a *pro se* inmate's § 2254 petition to be considered timely filed if it is deposited in the institution's internal mail system on or before the last day of filing[.]" Nichols v. Bowersox, 172 F.3d 1068, 1077 n. 5 (8th Cir. 1999). Since the statute of limitations on Johnson's habeas petition expired on February 20, 2010, counsel's declaration has no effect. Even if it were the case that the statute of limitations on Johnson's habeas petition did not expire until March 17, 2010, the leniency underlying the "mailbox rule" is justified based on the inability of prisoner litigants to exercise control over the filings of their pleadings, and their dependence on prison officials for such filings. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). Courts have not extended this same leniency to litigants who employ attorneys, relatives, acquaintances, or other non-attorneys to file their pleadings based, in part, on the rationale that such individuals are not dependent on the prison system or prison officials to file pleadings. Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002) (holding that the mailbox rule did not apply to prisoner litigants who are represented

petition was filed nearly one month late, it is untimely.

Having determined that this case must be summarily dismissed, Johnson's motion for appointment of counsel [Docket No. 11] and application for leave to proceed in forma pauperis ("IFP") [Docket No. 13] are also summarily denied. See Eddington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (stating that appointment of counsel should be considered only if the claimant has stated a facially cognizable claim for relief); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (explaining that IFP applications should be denied where the habeas petition cannot be entertained).

### III.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this habeas petition differently, or that any of the issues raised in Johnson's motion would be debatable among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

---

by counsel); Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002) (holding that the mailbox rule did not apply to pro se prisoner who sent habeas petition to his daughter for mailing); United States v. Cicero, 214 F.3d 199, 204-05 (D.C. Cir. 2000) (limitations not tolled where prisoner forwarded petition to jailhouse lawyer who later was placed in administrative segregation, delaying the filing); Paige v. United States, 171 F.3d 559, 560-61 (8th Cir. 1999) (mailbox rule inapplicable where prisoner mailed petition to his brother for preparation and filing).  Thus, Johnson cannot avail himself of the benefits of the prisoner mailbox rule.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Johnson's Objections [Docket No. 7 and 17] are **OVERRULED**;

2. Judge Noel's R&R [Docket No. 3] is **ADOPTED**;

3. Johnson's Amended Motion to Hold Petition in Abeyance [Docket No. 10] is **DENIED**;

4. Johnson's Petition [Docket No. 1] is **DISMISSED**;

5. Johnson's Motion to Appoint Counsel [Docket No. 11] is **DENIED**;

6. Johnson's Motion for Leave to Proceed in forma pauperis [Docket No. 13] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 2, 2010.